# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00347-CV

**Christine Schwertner and Enos Lara, Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 243,941-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Christine Schwertner and Enos Lara appeal a final order terminating their parental rights to their three children, A.R.L., K.R.L., and N.L. In a single issue on appeal, Schwertner and Lara contend that their appointed trial counsel was ineffective because he failed to timely request a de novo hearing and jury trial following a bench trial before an associate judge. *See* Tex. Fam. Code Ann. §§ 201.005 (West 2008) (authorizing referral of proceedings to associate judge), .015(a) (West Supp. 2010) (request for de novo hearing before referring judge must be made within seven working days after learning substance of associate judge's report). We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In June 2010, the Department of Family and Protective Services ("the Department") assumed temporary managing conservatorship of A.R.L. and K.R.L. after receiving a referral complaining about their parents' drug use in their presence. The children were temporarily placed

in the care of their paternal grandparents, with whom they were already living, and Schwertner and Lara were required to leave the grandparents' home. At the time, Schwertner was approximately 22 weeks pregnant with N.L. Both parents subsequently tested positive for drugs, including amphetamines, methamphetamines, and marijuana. A.R.L., who was one year old at the time, tested positive for amphetamines and methamphetamines. K.R.L., who was two years old, tested positive for cocaine. When N.L. was born in September 2010, Schwertner was temporarily allowed to reside at the grandparents' home with all three children, but she was later required to leave after she again tested positive for drugs.

Although the Department implemented a Family Service Plan to help rehabilitate Schwertner and Lara, to help improve their parenting skills, and to reunify the family, the plan failed. Among other deficiencies, Schwertner and Lara failed to participate in family and individual counseling, failed to test weekly for drug use, and failed to submit to a drug and alcohol assessment, as required by the plan. When they did submit to drug testing, Schwertner and Lara repeatedly tested positive for drug use, including methamphetamines, amphetamines, and cocaine.

Although the parents were not permitted to have contact with the children until they achieved three consecutive clean drug tests, the grandparents continued to allow the parents to have access to the children. This conduct resulted in the Department's removing the children from the grandparents' custody and instituting termination proceedings. Following removal, all three children were tested for exposure to drugs, and K.R.L. again tested positive for drugs, this time methamphetamines.

The case proceeded to a bench trial before an associate judge on March 31, 2011. At the conclusion of the trial, the associate judge announced in open court that Schwertner's and Lara's parental rights were terminated on the grounds that (1) they engaged in conduct that endangered the physical and emotional well-being of the children, (2) they failed to comply with the provisions of a court order that specifically established the actions necessary for them to obtain return of the children, and (3) termination of the parent-child relationship was in the children's best interests. *See id.* § 161.001(1)(E) & (O), (2) (West Supp. 2010) (providing grounds for involuntary termination of parent-child relationship). The Department was appointed managing conservator for the children. The judge's written recommendation to the referring judge was signed April 14, 2011.

Because there had been no request for a de novo hearing, on April 21, 2001, the referring judge adopted the associate judge's written recommendation as the order of the court. *See id.* § 201.015(a). Seven days later, on April 28, 2011, Schwertner and Lara's attorney filed a notice of appeal with a request for a trial de novo and a demand for a jury trial. This request was denied on the basis that it was untimely.

On appeal, there is no dispute that trial counsel's request for a de novo hearing and jury trial were untimely. The only issue presented for review is whether trial counsel's failure to timely request a de novo hearing and jury demand deprived Schwertner and Lara of the effective assistance of counsel.

## DISCUSSION

Indigent parents have a statutory right to counsel in parental-rights termination cases. *Id.* § 107.013(a)(1) (West 2008). This right includes the right to effective assistance of counsel.

3

*In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). To establish ineffective assistance of counsel, the appellants must show by a preponderance of the evidence that (1) their counsel's representation fell below the standard of prevailing professional norms, and (2) counsel's deficient performance prejudiced their defense. *Id.* at 545 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "'This requires showing that counsel's errors were so serious as to deprive the [parents] of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

In determining whether counsel's performance in a particular case is deficient, we must take into account all of the circumstances surrounding the case and focus on whether counsel performed in a reasonably effective manner. *Id.* at 545. The Texas Supreme Court has stated that "[c]ounsel's performance falls below acceptable levels of performance when the 'representation is so grossly deficient as to render proceedings fundamentally unfair.'" *Id.* (quoting *Brewer v. State*, 649 S.W.2d 628, 630 (Tex. Crim. App. 1983)). In considering the acceptability of counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and it is only when counsel's conduct is "'so outrageous that no competent attorney would have engaged in it,' that the challenged conduct will constitute ineffective assistance." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) and *Strickland*, 466 U.S. at 689). An assertion of ineffective assistance will be sustained only if the record affirmatively supports such a claim. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). However, "rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation: '[i]n the majority of cases, the record on direct appeal is

4

simply undeveloped and cannot adequately reflect the failings of trial counsel.'" *Bone v. State*, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002) (quoting *Thompson*, 9 S.W.3d at 813-14) (alteration in original). When the record is silent as to counsel's subjective motivations, courts will ordinarily presume that the challenged action might be considered sound trial strategy. *See Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). An error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. *Ex parte Ewing*, 570 S.W.2d 941, 943 (Tex. Crim. App. 1978); *Hollis v. State*, 219 S.W.3d 446, 470-71 (Tex. App.—Austin 2007, no pet.).

Although the record in this case is silent regarding the reason for the delay in requesting a de novo hearing and jury trial, we will assume, without deciding, that counsel's actions were deficient and were not motivated by sound trial strategy. We therefore turn to the second prong of the *Strickland* inquiry, which requires us to consider whether counsel's allegedly deficient performance prejudiced the parents' defense. *See In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). To show prejudice, the parents must show that there is a "reasonable probability" that, but for counsel's deficiency, "the result of the proceeding would have been different." *In re M.S.*, 115 S.W.3d at 549-50 (quoting *Strickland*, 466 U.S. at 687). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

As described above, the record in this case shows, and the trial judge found, that Schwertner and Lara were unable or unwilling to comply with significant provisions of the Family Service Plan and continued to test positive for drug use. Moreover, two of their children tested positive for exposure to drugs while in the parents' care and one child tested positive while in the

5

grandparents' care.  Based upon the record before the Court, we hold that there is not a reasonable probability that, but for counsel's alleged deficiency in not timely requesting a de novo hearing and jury trial, the result of the proceedings would have been different in a de novo hearing.

## CONCLUSION

We overrule Schwertner and Lara's sole appellate issue.  The trial court's judgment is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   October 25, 2011

6